IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE STAHLER and § | | PLAINTIFFS |
| LILLIAN PAGE STAHLER § | | |
| § | | |
| v. § | | 1:05-CV-566 |
| § | | |
| STATE FARM FIRE AND CASUALTY § | | |
| INSURANCE COMPANY, et al. § | | DEFENDANTS |

### MEMORANDUM OPINION AND ORDER TO REMAND CIVIL ACTION TO THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

THIS MATTER COMES BEFORE THE COURT upon the Motion of the Plaintiffs to Remand the above styled and numbered civil action to the Circuit Court of Hancock, County, Mississippi, pursuant to 28 U.S.C. §1446(c). The Court, having considered the pleadings on file, the brief and arguments of counsel, and relevant legal authorities, is of the opinion that Defendants' notice of removal was untimely filed. Thus, the Motion is well taken and should be granted.

### FACTS AND PROCEDURAL HISTORY

The salient facts are undisputed. Plaintiffs, George and Lillian Stahler, filed a civil action in the Circuit Court of Hancock, County, Mississippi. The Defendant, State Farm Fire And Casualty Insurance Company ("State Farm") was served by summons and a copy of the complaint on October 18, 2005. State Farm prepared and mailed its notice of removal alleging improper joinder on November 21, 2005. The notice of removal was received and filed by the clerk of court in Gulfport, Mississippi, on November 23, 2005. On December

21, 2005, Plaintiffs filed a motion to remand the case to the State court. Among the claims in Plaintiffs' motion to remand is the contention that State Farm failed to file the removal notice within thirty days of service of process as required by 28 U.S.C. § 1446(b)[1].

## DISCUSSION

It is well settled in this Circuit that a §1446(a) notice of removal must be filed within thirty days of service of the first defendant. *Getty Oil Corp. v. Insurance Co. Of North America,* 814 F.2d 1254, 1262 (5th Cir. 1988). A defendant who does not timely assert the right to remove loses that right. *Brown v. Demco, Inc.,* 792 F.2d 478, 481 (5th Cir. 1986). However, failure to file a notice of removal within the § 1446(b) time limitation is a procedural rather than jurisdictional defect. *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir.1983) (citing *Harris v. Edward Hyman Co.,* 664 F.2d 943 (5th Cir.1981); *London v. United States Fire Ins. Co.,* 531 F.2d 257 (5th Cir.1976); *Weeks v. Fidelity & Cas. Co.,* 218 F.2d 503 (5th Cir.1955)). Thus, the § 1446(b) time limitation may be waived *Barnes v. Westinghouse Electric Corp.*, 962 F.2d 513 (5th Cir. 1992) and is subject to equitable tolling *Tedford v. Warner-Lambert Co.,* 327 F.3d 423 (5th Cir. 2003). The Fifth Circuit has "established no inexorable time limit" for filing a § 1446(b) notice of removal and "exceptional circumstances" may permit removal more than thirty days after the first defendant is served. *Brown v. Demco, Inc.,* 792 F.2d at 482.

---

[1] 28 U.S.C. § 1446(b) provides in part that:
    (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

State Farm does not contest the fact that the notice of removal was filed outside the thirty day time limitation. Instead, State Farm argues that in the wake of Hurricane Katrina "the Court should be aware of the hardships encountered by counsel with respect to filing within the Court systems both local and federal." *See State Farm's And Mike Meyers's Response to Plaintiffs' Motion To Remand* at p.2. In essence, State Farm contends that for a period of time the office of the clerk of court was inaccessible. Thus, the § 1446(b) time limitations should be relaxed pursuant to FED. R. CIV. P. 6(a).[2]

The devastating effects of Hurricane Katrina included damage to the Dan M. Russell, Jr. United States Courthouse in Gulfport, Mississippi. In fact, the Court entered a general order declaring the office of the clerk of court to be inaccessible within the meaning of FED. R. CIV. P. 6(a) from August 29, 2005 until October 17, 2005. During this period the clerk of court was accepting walk-in filings for the Southern Division in both the Hattiesburg and Jackson Divisions.[3] However, State Farm's notice of removal was not late because the courthouse was inaccessible. It was late because State Farm neglected to mail it prior to November 18, 2005. While the Court is generally aware of the effects of this catastrophe upon the local legal community, the burden is still upon State Farm to point out those facts which prevented timely filing and entitle it to equitable tolling of § 1446(b) time limitation. State Farm has failed to

---

[2]FED. R. CIV. P. 6(a) provides in part:
The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, *when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible*, in which event the period runs until the end of the next day which is not one of the aforementioned days. (emphasis added).

[3]Gulfport, Mississippi is located in the Southern Division of the Southern District of Mississippi. 28 U.S.C. § 104(b)(4).

identify any specific "exceptional circumstance" which impeded timely mailing of the notice of removal.  Absent this showing, the statutory time limitation must be enforced.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand the above styled and numbered cause should be, and is, hereby **GRANTED.** This matter is hereby **REMANDED TO THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI**, pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 27th day of March, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE